IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMDEN DEVELOPMENT INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:23-cv-01293-D (BT) | |
| § | | |
| YAHUDAH TOLBERT, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Yahudah Tolbert, proceeding *pro se*, removed this eviction suit from a justice court in Dallas County, Texas.[1] *See* (ECF No. 3). For the following reasons, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

I.

Tolbert initiated this action by filing a notice of removal on June 8, 2023. Not. Rem. (ECF No. 3). Tolbert alleges that he was evicted by his landlord, the plaintiff, in violation of the "CDC-Eviction-Moratorium." Not. Rem. 3. He also claims that the eviction violated "The Fair Housing Act, 42 U.S.C. 3601 et seq." and Title VII of the Civil Rights Act of 1964. *Id.* at 2 However, Tolbert did not provide "a copy of all process, pleadings and orders served upon such defendant." 28 U.S.C. § 1446(a); *see also* Local Civil Rule

---

[1] In Texas, the justice court has jurisdiction over an eviction suit in the precinct where the real property is located. Tex. Prop. Code Ann. § 24.004.

1

81.1. On June 20, the Court sent Tolbert a Notice of Deficiency and Order (ECF No. 5), which ordered him to cure the deficiency. The Order informed Tolbert that failure to respond and cure the deficiency by July 20 could result in a recommendation that his case be dismissed. Tolbert has not filed any response, any of the documents from the Dallas County justice court, or otherwise complied with the Court's June 20 Order.

## II.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Tolbert did not respond to the Notice of Deficiency and Order; nor did he file any of the documents from the Dallas County justice court, as required by § 1446(a) and Local Civil Rule 81.1. He has thus failed to comply

with the Court's order. Dismissal without prejudice is warranted under these circumstances.

This litigation cannot proceed until Tolbert submits copies of the documents filed in the Dallas County justice court. Without the documents from the Dallas County justice court, the Court cannot determine whether subject matter jurisdiction exists.[2]

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). But the federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where complete diversity of citizenship exists among the parties. *See* 28 U.S.C. §§ 1331-32(a). In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *Id.* § 1332(a).

Here, Tolbert alleges that he was evicted by his landlord in violation of the "CDC-Eviction-Moratorium" and that the eviction violated "The Fair

---

[2] Courts have an independent duty to examine their subject matter jurisdiction and to dismiss any case in which jurisdiction is lacking. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *accord McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Housing Act, 42 U.S.C. 3601 et seq." and Title VII of the Civil Rights Act. Not. Rem. at 2. But a landlord's suit to evict a tenant arises solely under state law. *See* Tex. Prop. Code Ann. § 24.0051. Generally, there is no federal question jurisdiction when the plaintiff pleads only a state law cause of action. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see also Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) (recognizing the plaintiff's suit for eviction arose solely under state law and did not provide a basis for federal jurisdiction). And a mere passing reference to federal law or a federal statute—like the Fair Housing Act or Title VII—does not amount to a federal cause of action. *Girard v. Citimortgage, Inc.*, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (a mere reference to federal statutes is insufficient to establish federal question jurisdiction) (citing *Deutsche Bank Nat. Trust v. Broussard*, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013)); *see also Epps v. Gordon*, 2022 WL 4370455, at *3 (N.D. Tex. Aug. 22, 2022) (citing *Girard*, 2013 WL 5873297 at *2), *rec. accepted*, 2022 WL 4371004 (N.D. Tex. Sept. 20, 2022).

When determining whether federal question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint (or petition) itself must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993). "It

4

is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998) (emphasis added) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)); *see, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 697 (5th Cir. 2017) ("In short, [ ] *Vaden* extinguished any possibility that a counterclaim can establish federal question jurisdiction."). The Court requires a copy of the plaintiff's state court petition and the other documents filed in the state court action to determine whether federal question jurisdiction exists.

The Court is also unable to determine whether complete diversity of citizenship exists and whether the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co.*, 134 F.3d at 1253) (stating the party seeking to invoke federal diversity jurisdiction bears the burden of demonstration). In an eviction lawsuit, the amount in controversy is the value of the right to occupy or possess the property at issue. *Wells Fargo Bank v. Hollingsworth*, 2015 WL 5325643, at *3 (N.D. Tex. Aug. 6, 2015), *rec. accepted* 2015 WL 5430174 (N.D. Tex. Sept. 14, 2015); *see also Fed. Nat. Mortg. Ass'n v. Talley*, 2012 WL 4005910, at *2 (N.D. Tex. Aug.16, 2012), *rec. accepted* 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012). The record does not contain any

5

allegation or evidence demonstrating the value of the right to immediate possession or occupancy of the property where Tolbert was allegedly evicted. The Court needs the documents from the Dallas County justice court to determine whether diversity jurisdiction exists.

## Recommendation

Because Tolbert failed to comply with the Court's Order to provide a copy of the plaintiff's state court petition and the other documents filed in the state court action, the Court should DISMISS his case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed July 31, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*