IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMDEN DEVELOPMENT INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1293-D |
| | § | |
| YAHUDAH TOLBERT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Treating defendant Yahudah Tolbert's ("Tolbert's") September 14, 2023 motion to reopen the case as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, the court denies the motion. The court also denies Tolbert's October 20, 2023 request for a temporary restraining order ("TRO") because he filed it after this case was closed by final judgment.

I

Tolbert removed this *pro se* eviction action from a justice court in Dallas County, Texas. On June 20, 2023 the court directed Tolbert to provide "a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1446(a); *see also* N.D. Tex. Civ. R. 81.1. The court advised Tolbert that failure to respond and cure the deficiency by July 20, 2023 could result in a recommendation that this case be dismissed. When Tolbert failed to respond or cure the deficiency, the court dismissed this case without prejudice under Fed. R. Civ. P. 41(b), and it entered judgment on August 28, 2023.

Because the motion to reopen the case was filed within 28 days of the entry of judgment, it is properly construed as a Rule 59(e) motion to alter or amend the judgment. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "To prevail on a Rule 59(e)

motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact." *Jones v. Moore*, 2021 WL 5760677, at *1 (N.D. Tex. Dec. 3, 2021) (Fitzwater, J.) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).  A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Emps. Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

II

Tolbert's Rule 59(e) motion provides no new evidence or law that persuades the court that it erred in dismissing this case under Rule 41(b).  Instead, Tolbert asserts that he did not receive any notices from the court about this case.  Tolbert notes that he is now ready to cure the deficiencies in his case after it is reopened.  But the record reflects that all filings in this case have been mailed to Tolbert at the address he provided to the court.  Moreover, there is no indication that any mail sent by the court to Tolbert has been returned.  Accordingly, the court does not credit Tolbert's assertion that he did not receive court filings, and it finds that he has failed to satisfy the standard for obtaining Rule 59(e) relief.

III

Tolbert also requests that the court issue a TRO to "stop a writ of possession." ECF No. 10 at 1. Because the court has already entered a final judgment dismissing this action, it denies the request.

\* \* \*

For the foregoing reasons, the court denies Tolbert's Rule 59(e) motion and denies his motion for a TRO.

**SO ORDERED**.

December 13, 2023.

                                        SIDNEY A. FITZWATER
                                        SENIOR JUDGE